CHARLES B. WATTS *et al.* *v.* STATE ROAD COMMISSION OF WEST VIRGINIA

(No. 8359)

Submitted April 14, 1936. Decided April 28, 1936.

*Homer A. Holt,* Attorney General, *J. F. Bouchelle,* Assistant Attorney General, and *Carter W. Staats,* for plaintiff in error.

*Oliver D. Kessel,* for defendant in error.

KENNA, JUDGE:

This case originated as a suit in equity brought in the Circuit Court of Jackson County by Charles B. Watts and others against the State Road Commission. The purpose of the suit was to obtain specific performance on the part of the road commission of an agreement in writing dated the 18th day of January, 1934, and signed by Charles B. Watts and Ella Watts, his wife, by which an option was granted to the State Road Commission within six months from the date of the writing to purchase a certain parcel of land to be used as a right-of-way for the sum of $800.00. The bill also prayed injunctive relief. It alleged that after the signing of the agreement, and before the expiration of the time during which the option ran, the defendant entered upon the land of the plaintiffs in Jackson County and proceeded to locate the right-of-way. The bill proceeded upon the theory that this entry and location by the State Road Commission was to be treated as an acceptance under the terms of the option, and it sought to have the agreement on the part of the road commission specifically enforced by the recovery from it of the purchase price of $800.00. Upon demurrer to the bill of complaint, the cause was transferred to the law side of the court, and upon amendments to the bill it was treated as a declaration in trespass on the case. Upon demurrer to the declaration as a declaration in trespass on the case, an amended declaration in assumpsit was filed. The demurrer to the second amended declaration being overruled, the case proceeded to trial, and judgment against the State Road Commission for $800.00, with interest and costs.

There are several assignments of error, only one of

which we think ·needs to be dealt with, and that but briefly.

The main point raised by the plaintiff in error is that the State Road Commission is an arm of the state and, as such, cannot be made a defendant either at law or in equity under the provisions of section 35 of Article VI of the Constitution.

The principle that the State Road Commission cannot be made a party defendant in an action of tort on account of the inhibition contained in section 35 of Article VI of the Constitution is established by the case of *Mahone* v. *State Road Commission*, 99 W. Va. 397, 129 S. E. 320, which, in turn, follows several previous West Virginia decisions for its authority. The fact that the present action finally resulted in an action in assumpsit on contract would not vary the rule. The state may not be made a defendant in any kind of an action at law in any of the courts of the state.

In this case, it is very strongly urged, that since the state has taken over the entire road system of the state and has vested control of it in the State Road Commissioner under Chapter 40 of the Acts of the First Extraordinary Session of the Legislature of 1933, the State Road Commission would have the arbitrary power to take, with impunity, private property of the citizens of the state in violation of section 9, Article III of the Constitution prohibiting the taking of private property or the damaging thereof for public use without just compensation. This is an action in contract and not in tort. The plaintiffs here seek relief because their contract, they allege, has been violated. They do not ask to be reimbursed for the actual taking of their property, based upon its fair and reasonable value. They seek to have their contract enforced according to its terms. It is doubtful whether the argument advanced is germane.

The question involved here is not the taking of private property, nor the damaging of private property, but the suing of the state for a breach of contract and the recovering of damages for that breach in an ordinary action of assumpsit. Of course, it may be urged that if

the state cannot be made a defendant in an action at law, it may then appropriate private property with impunity. We are neither confronted with nor concerned by that question in this case. It is met, however, by the simple proposition that if the state cannot take private property without just compensation, then when no provision for just compensation has been made, there has been no taking by the state. Simply, its officers have acted wrongfully and to the extent that they have so acted, they are not the representatives of the state and are personally responsible. They may be restrained by injunction directed against them as individuals and damages may be recovered for the result of their wrongful act.

For the reasons stated, the judgment of the Circuit Court of Jackson County is reversed, the verdict of the jury set aside and the case dismissed.

*Reversed; dismissed.*