ELEANOR WALKER HUNN *v.* WINDSOR HOTEL COMPANY

(No. 8597)

Submitted September 1, 1937. Decided September 21, 1937.

*Hall, Goodwin & Paul,* for plaintiff in error.
*Tom B. Foulk,* for defendant in error.

HATCHER, JUDGE:

Damages for personal injuries are sought in this action. A trial was had and after both sides rested, the court directed a verdict for defendant.

Upon the directed verdict, plaintiff is entitled to have the evidence considered favorably to her. *Potts* v. *Union Co.,* 75 W. Va. 212, 83 S. E. 918. Under such consideration, the case would appear as follows: The defendant operates a hotel in the City of Wheeling and plaintiff has lodged at the hotel for the last eight years. The day before the injury complained of, defendant replaced the treads on a short flight of marble steps which leads down from the hotel lobby to the Main Street entrance. The new treads were attached to the steps with cement, and heavy planks were placed on top of the treads to protect the cement while hardening. The planks were approximately eight feet long, two inches thick and twelve inches wide. They were "not new" and were not entirely firm under foot. At each end of the planks was about a fourteen-inch space on the steps, not covered by the treads or the planks. Plaintiff walked up the planks a few hours after the steps were repaired. She received the impression then that the planks were dangerous. Next morning she walked down the planks, "slipped" on one and fell, fracturing her ankle. She said of that plank: "It seemed the board slipped and with that it threw me * * * I think it moved and made me slip * * * Yes, it moved and made me slip, * * * looked like it was slick, I noticed that while I was sitting there on the floor." There were other exits

from the hotel which she could have used, though not as direct for her purpose, as the one to Main Street. The evening before plaintiff's accident, three other guests of the hotel fell on the stairway, and another stumbled on it. One of those falls was reported immediately to the hotel clerk then on duty, and the hotel manager admitted receiving that information prior to plaintiff's fall. There were no cautionary signs on the steps and they were not roped or in any other way excluded from use.

The law in such cases is settled. It is the duty of a hotel keeper to exercise reasonable care to have the public passageways of his hotel safe for the use of lodgers. However, he is not an insurer of a lodger's safety. Where a lodger is injured on such a way, which he knows to be dangerous, he *may* be barred from a recovery by contributory negligence, or by voluntary assumption of the risk. See generally, 32 C. J., subject Innkeepers, secs. 70 and 73.

The evidence of the planks being unstable, and of the stumbling and falling of other persons on them, in connection with plaintiff's fall, would raise a jury question as to the safety of the steps.

The doctrines of contributory negligence and of assumption of risk are not identical, yet the distinction between them has not always been closely observed in our opinions. This failure, so far, has not affected the integrity of the decisions; but approach to these doctrines will be more orderly if the distinction be marked. The essence of contributory negligence is carelessness; of assumption of risk, venturousness. Thus an injured person may not have acted carelessly; in fact, may have exercised the utmost care, yet may have assumed, voluntarily, a known hazard. If so, he must accept the consequence. This doctrine has developed from the maxim, *volenti non fit injuria.* "If this is a maxim", said Lord Bramwell, "is it any the worse? What are maxims but the expression of that which good sense has made a rule?" *Smith* v. *Baker* (1891), App. Cas. 325, 344. The doctrine rests on two premises: first, that the nature and extent of the risk are fully appreciated; and second, that it is voluntarily

incurred. The doctrine was formerly confined by many courts to cases where a contractual relation existed; but the weight of authority now recognizes no such limitation. For informative discussions of the distinction between the doctrines of contributory negligence and assumption of risk, see Beach, Contrib. Neg., sec. 37; Shearman and Redfield, Negligence (6th Ed.), sec. 114b; 45 C. J., subject Negligence, sec. 600; Pollock, Torts (13th Ed.), p. 170; *Schlemmer* v. *Ry. Co.*, 220 U. S. 590, 596, 31 S. Ct. 561, 55 L. Ed. 596; *Miner* v. *Conn. Rr. Co.* 153 Mass 398, 26 N. E. 994; *Gover* v. *Central Vt. Ry. Co.*, 96 Vt. 208, 118 A. 874; *Indiana Natural Gas Co.* v. *O'Brien*, 160 Ind. 266, 65 N. E. 918, 920. In the last citation the distinction is strikingly drawn as follows: "Where a person has knowledge of and fully appreciates a danger, and under such circumstances, without any special exigency compelling him, he exposes himself to such danger or peril, his act in the premises may be deemed to have been voluntary. Contributory negligence in such a case cannot properly be said to be an element therein, for certainly the voluntary act of a party in exposing himself to a known and appreciated danger is wholly incompatible with an act of negligence or carelessness, for it must be manifest that carelessness in regard to a matter is not the same as the exercise of a deliberate choice in respect thereto. Freedom of the will, in fact, is the thing emphasized by the principle asserted in the maxim *volenti non fit injuria.*"

Plaintiff's use of the steps, though she was conscious of their danger, would not alone make her conduct legally negligent. *Lee* v. *Ingraham*, 106 App. Div. 167, 94 N. Y. S. 284; *Brandt* v. *Rakauskas*, 112 Conn. 69, 151 A. 315; *Burnison* v. *Souders*, 225 Mo. App. 1159, 35 S. W. (2d) 619, 624; *Patton* v. *Grafton*, 116 W. Va. 311, 180 S. E. 267. She testified of noticing a board on the steps when she got to the top step, of observing the bare spaces on the steps at the ends of the planks, of being mindful while descending the steps that she considered them dangerous, and of descending them in her "usual walk." A legal inference of carelessness does not arise from that

testimony. But bearing in mind, there were other ways, unattended by danger and reasonably convenient, which she could have used, her testimony does demonstrate that with full appreciation of the danger on the steps, she voluntarily accepted the risk. Her counsel contend that she did not have knowledge before her injury "that the boards would move when you would walk on them and * * * that the bottom board was smooth." Counsel state their proposition too broadly. The boards would not necessarily move when walked upon. They did not move under plaintiff when she ascended them. But their mobility was the very thing she apprehended, as appears from her explanation of her initial impression of their danger. She said: "* * * the steps had these boards on them, and there was nothing to hold them down, nothing to keep them from moving, consequently, I thought they were dangerous." She does not attribute her fall to the slickness of the board but to the fact that *it moved*. Consequently, the contention of counsel is not well grounded.

The judgment is affirmed.

*Affirmed.*