MELVILLE V. CROSS

*v.*

R. E. NOLAND, *et al., Defendants
and Third Party Plaintiffs*

*v.*

CITY OF WELLSBURG, *etc., et al.,
Third Party Defendants*

(No. 12909)

Submitted May 2, 1972.        Decided July 11, 1972.

2

*Edward A. Zagula,* for appellant.

*James R. Ewing, Clowes, McDermott & Ewing,* for appellees Noland, and others.

CAPLAN, JUDGE:

This is a civil action instituted in the Circuit Court of Brooke County, in which the plaintiff, Melville Cross, seeks to recover damages from the defendants, R. E. Noland and Edward Noland Plumbing, for injuries she alleges to have received as a result of the negligence of said defendants. Upon trial of this case the jury returned a verdict for the defendant and the court entered judgment on that verdict. This is an appeal from the final order entering that judgment.

Defendant R. E. Noland, the owner and operator of Edward Noland Plumbing, was employed by Mr. Ash Martin to construct a water pipeline to his residence. In undertaking this endeavor it became necessary for the defendant to dig an excavation or trench in an alley

between 9th and 10th Streets in the City of Wellsburg, leading from Main Street back toward the Martin home. The trench in which the water line was laid was approximately thirty inches deep and two feet wide. After the water line was placed, the defendant, with the assistance of his sixteen year old son, Ray Taylor, and another inexperienced youth, undertook to backfill the ditch. This was accomplished by shoveling dirt into the ditch by the two adults while the youths "stamped it down with their feet and used a bar." A witness, who was a civil engineer, testified that the backfilling was done improperly. Admittedly, it was not done in compliance with the provision of a municipal ordinance which, among other things, required that the "[c]ompacting shall be done by mechanical tappers or vibrators".

Two or three days after the completion of this work by the defendant, the plaintiff, on Sunday, August 20, 1961, at about 10:30 P.M., drove her 1953 Chrysler automobile into this alley, intending to park her car in the garage which she had leased and which was situate in said alley. According to her testimony she was driving between five and ten miles per hour. It was raining lightly and she had her headlights on, giving her a clear and distinct view of the roadway in the alley. As she drove into the alley the left front wheel of her car sunk down into a hole to a depth equal to one half of the wheel. She testified that there was no visible hole into which she drove but that "I drove the car into the alley and it caved in with me. The car fell down in the hole." As the result of this incident the plaintiff said that she was thrown violently to the top of the car and received the injuries of which she here complains.

Relative to her alleged injuries, Mrs. Cross testified that subsequent to the accident she consulted a local osteopath because of the painful condition of her back. Later she went to see Dr. George R. Clarke, an orthopedic surgeon, who treated her on approximately fifty different occasions and who finally surgically removed her coccyx. Upon being asked if her disability was the result of the subject

accident, Dr. Clarke testified: "I think there is a definite relationship between the accident described and the symptoms and complaints for which I treated Mrs. Cross." Dr. Clarke's testimony was the only medical evidence in the record.

In her complaint the plaintiff alleges that the defendant "wholly failed to properly fill said ditch, and such failure constitutes negligence and a breach of duty to the plaintiff, and which negligence proximately caused the injuries hereinafter complained of." She also complained that the defendant had violated a city ordinance relating to backfilling. The defendant, of course, denies that he was negligent and further asserts that any injury experienced by the plaintiff was occasioned by contributory negligence and assumption of risk by the plaintiff.

After the plaintiff and defendant rested their respective cases, the court read its charge and submitted certain instructions to the jury. Among other matters, the charge and instructions presented for jury consideration the defendant's theory of defense, that is, that the plaintiff was guilty of contributory negligence and had assumed certain risk by her actions. Timely objections were made by the plaintiff to the giving of instructions on this theory, it being asserted that there was no evidence in support thereof.

On this appeal the plaintiff relies on the following three assignments of error: (1) the trial court should have directed a verdict because the defendant failed to rebut the presumption of negligence which existed by reason of the defendant's violation of a municipal ordinance relating to backfilling practices of ditches in public ways; (2) there was no evidence to support an instruction or the court's charge on contributory negligence; and (3) there was no evidence to support an instruction on assumption of risk.

The first assignment of error is without merit. While it is a valid proposition of law that a violation of a municipal ordinance creates a prima facie case of

negligence, and the jury was so instructed, such violation does not constitute actionable negligence unless it was proved to be the proximate cause of the injury. *Lewis v. McIntire,* 150 W.Va. 117, 144 S.E.2d 319; *Payne v. Kinder,* 147 W.Va. 352, 127 S.E.2d 726; *Spurlin v. Nardo,* 145 W.Va. 408, 114 S.E.2d 913. The jury having been properly instructed on this principle of law, it was their prerogative to determine whether or not the violation of the ordinance was the proximate cause of the injury. Therefore, the trial court did not err in refusing to direct a verdict.

In deciding the validity of the next assignment of error the evidence must be examined to determine if it was sufficient to support an instruction on contributory negligence. While the defendant is entitled to an instruction reflecting his theory of defense, such instruction may not be given unless it is supported by the evidence. *Evans v. Farmer,* 148 W.Va. 142, 133 S.E.2d 710; *Henthorn v. Long,* 146 W.Va. 636, 122 S.E.2d 186; *Mulroy v. Co-Operative Transit Co.,* 142 W.Va. 165, 95 S.E.2d 63; *Newsom v. Meade,* 102 W.Va. 489, 135 S.E. 604.

The record reveals that the plaintiff drove into the alley at a speed of five to ten miles per hour; that it was dark and raining lightly; that her headlights were on and she had a clear view of the alley; that she did observe the roadway of the alley and saw no obstructions or holes of any sort; and that, in fact, she testified that if a rat had run across the road she could have seen it. Furthermore, the plaintiff stated that she had asked the defendant if the alley was "ready for me to take my car out that night. He said it would be." She did traverse the alley in her car the Friday night before the accident, after the backfilling of the ditch had been completed and experienced no difficulty.

It is contended that the jury had the right to consider whether the plaintiff was keeping a proper lookout for holes or depressions in the road and, on the basis thereof, that an instruction on contributory negligence was proper.

We cannot agree. The only evidence of the accident came from the plaintiff and is undisputed. She testified that "I drove the car into the alley and it caved in with me." There is no evidence that there was a hole into which she drove and she stated affirmatively that her clear view of the alley revealed no holes. In addition, she was assured by the defendant, the one who had excavated and backfilled the ditch, that the alley was ready for travel; also she had used the alley uneventfully since the work was completed.

In the circumstances of this case, we perceive no evidence which would tend to show that the plaintiff was guilty of contributory negligence. The record reveals that she conducted herself in a manner that any prudent person would in a like situation. We are, therefore, of the opinion that there was no evidence which would support an instruction on contributory negligence and that the giving of such instruction constituted reversible error. *Hollen v. Linger*, 151 W.Va. 255, 151 S.E.2d 330; *Frye v. Norton*, 148 W.Va. 500, 135 S.E.2d 603; *Payne v. Kinder*, 147 W.Va. 352, 127 S.E.2d 726; *Mulroy v. Co-Operative Transit Co.*, 142 W.Va. 165, 95 S.E.2d 63.

The defendant offered and the court gave an instruction on assumption of risk. This embodied the defendant's theory that the plaintiff, having had knowledge of the digging and refilling of a ditch in the alley and having known of the heavy rain, assumed the risk of suffering an injury by driving her automobile into the alley. The giving of this instruction, like the one on contributory negligence, was unwarranted under the evidence in this case.

Assumption of risk is similar to contributory negligence but certainly not identical. The essence of the former is venturousness while the latter characterizes a state of carelessness. *Wright v. Valan*, 130 W.Va. 466, 43 S.E.2d 364; *Hunn v. Windsor Hotel Company*, 119 W.Va. 215, 193 S.E. 57. The doctrine of assumption of risk, as defined in the *Hunn* case, "rests on two premises: first, that the

nature and extent of the risk are fully appreciated; and second, that it is voluntarily incurred."

As expressed in *Korzun v. Shahan,* 151 W.Va. 243, 151 S.E.2d 287: "Assumption of risk is available as a defense only where one places himself in a posture of known danger with an appreciation of such danger." See 57 AM. JUR. 2d, *Negligence,* Section 274, et seq., wherein it is stated that the defense of assumption of risk presupposes that there was a known danger of which the plaintiff had knowledge and that he voluntarily exposed himself to such danger; also it is therein noted that the essence of assumption of risk is venturousness.

Applying these principles to the circumstances of the instant case and to the actions of the plaintiff as noted herein, we are of the opinion that the evidence does not tend to establish any venturousness on the part of the plaintiff or that she assumed the risk of a known and appreciated danger. She drove her automobile into an alley at a reasonable rate of speed after being assured by the defendant that the alley was in proper condition for travel. She had driven over this same portion of the alley after the repairs had been completed and prior to the time of her injury. Inasmuch as she had been away from her home the day of the accident, there was no showing that she knew of the heavy rainfall in the vicinity of her garage. However, any knowledge thereof would not constitute a basis for the defense of assumption of risk. It has been well established by decisions of this Court that it is reversible error to give an instruction which is not sustained by the evidence. *Groves v. Groves,* 152 W.Va. 1, 158 S.E.2d 710; *Ballengee v. Whitlock,* 138 W.Va. 58, 74 S.E.2d 780; *Kuykendall v. Fisher,* 61 W.Va. 87, 56 S.E. 48.

The judgment of the Circuit Court of Brooke County is reversed, the verdict is set aside and this action is remanded for a new trial.

*Reversed and remanded.*

Judge Haymond, then a member of the Court, did not participate in the consideration or decision of this case.

Judges Haden and Kessel, having been appointed subsequent to this decision, did not participate therein.