**Hector SANTIAGO, Plaintiff,**

v.

**William CLARK and the West Virginia Racing Commission, Defendants.**

**Civ. A. No. 75–12–M(H).**

United States District Court,
N. D. West Virginia.

Jan. 6, 1978.

Lacy I. Rice, Jr., Rice, Hannis & Douglas, Martinsburg, W. Va., George L. Freeman, Jr., Fairfax, Va., for plaintiff.

Phillip D. Gaujot, Nitro, W. Va., Henry W. Morrow, Charles Town, W. Va., for defendants.

## ORDER

HADEN, District Judge.

This is an action brought under the diversity jurisdiction of this Court, 28 U.S.C. § 1332, for the recovery of monetary damages for injuries sustained as a result of the alleged negligence on the part of the Defendants. The Plaintiff, Hector Santiago, is a jockey, who on November 24, 1973, was participating in a horse race at the Shenandoah Downs Race Track in Charles Town, West Virginia. He alleges that the Defendant, William Clark, another jockey participating in the same race, carelessly, recklessly, negligently and without regard for Plaintiff's safety cut in front of Plaintiff's horse at the first turn in the race. Plaintiff also contends that The West Virginia Racing Commission was negligent in permitting Defendant Clark to ride even though he has a history of careless riding and in failing to properly regulate the conduct of jockeys at the Shenandoah Downs Race Track.

■ The West Virginia Racing Commission has moved for summary judgment based on the immunity provided in Article VI, § 35 of the West Virginia Constitution. This section provides that "The State of West Virginia shall never be made defendant in any court of law or equity . . ." While this action is against the Racing Commission rather than the state itself, Article VI, § 35 applies to and protects state agencies and officials when engaged in the performance of governmental functions, and cannot be circumvented by making an agency or official of the state the defendant. *Kondos v. West Virginia Board of Regents*, 318 F.Supp. 394, 396 (S.D.W.Va. 1970); *City of Morgantown v. Ducker*, 153 W.Va. 121, 168 S.E.2d 298 (1969); *Hesse v. State Soil Conservation Committee*, 153 W.Va. 111, 168 S.E.2d 293 (1969); *Hamill v. Koontz*, 134 W.Va. 439, 59 S.E.2d 879 (1950); *Stewart v. State Road Comm.*, 117 W.Va. 352, 185 S.E. 567 (1936); *Schippa v. West Virginia Liquor Control Comm.*, 132 W.Va. 51, 53 S.E.2d 609 (1948); *Hardy v. Simpson*, 118 W.Va. 440, 190 S.E. 680, 191 S.E. 47 (1937); *Mahone v. State Road Comm.*, 99 W.Va. 397, 129 S.E. 320 (1925).

■ A review of the statutory authority creating the Racing Commission, *W.Va. Code* 1931, 19–23–1, *et seq.*, as amended, clearly demonstrates that the Commission is a state agency charged with the supervision and control of horse racing. According to a note in the West Virginia Law Review, whether a state agency qualifies for the protection of the constitutional immunity provision depends basically on two types of criteria—financial and functional. Note— *Governmental Immunity in West Virginia*, 76 *W.Va.L.Rev.* 543, 548 (1974). Since the publication of that article the West Virginia Supreme Court of Appeals has questioned the soundness and workability of the functional criteria; that is, the governmental-proprietary dichotomy. *Long v. City of Weirton*, 214 S.E.2d 832, 858–859 (W.Va. 1975).[1] The financial criteria, however, re-

1. Were the governmental-proprietary distinction still viable, this Court would find the activities of the West Virginia Racing Commission to be closely analogous to those of the former West Virginia Liquor Control Commission, the activities of which were held to be governmental. *Schippa v. West Virginia Liquor Control Commission*, 132 W.Va. 51, 53 S.E.2d 609

tains its viability. *Woodford v. Glenville State College Housing Corporation,* 225 S.E.2d 671, 674 (W.Va.1976); *City of Morgantown v. Ducker,* 153 W.Va. 121, 168 S.E.2d 298 (1969). Under these criteria, an agency which is dependent upon legislative appropriation for its operation or which channels revenues into the state treasury is entitled to immunity. *City of Morgantown v. Ducker, supra.* See 76 *W.Va.L.Rev.* 543, 549 at notes 17–19. The West Virginia Racing Commission satisfies this test, and, accordingly, is entitled to the protection of Article VI, § 35 of the West Virginia Constitution. See *W.Va.Code* 1931, 19–23–11 and 14, as amended.

The Plaintiff contends that the West Virginia Legislature has expressly waived the immunity of the Racing Commission. *W.Va.Code* 1931, 19–23–4(a), as amended, provides that:

"The 'West Virginia racing commission,' heretofore created, shall continue in existence as a public corporation, and, as such, may contract and be contracted with, plead and be impleaded, *sue and be sued* and have and use a common seal." [Emphasis added].

However, in *Kondos v. West Virginia Board of Regents,* 318 F.Supp. 394 (S.D.W.Va. 1970), Judge Christie considered a provision virtually identical to the one quoted above and noted:

"This reliance [upon the provision as a waiver], however, is misplaced, for a similar statutory authority granting the Board of Regents' predecessor the power to sue and be sued was held to be of no avail, since the state's immunity is absolute and cannot be waived by the state legislature or by any other state instrumentality." 318 F.Supp. 394, at 396, *citing City of Morgantown v. Ducker,* 153 W.Va. 121, 168 S.E.2d 298 (1969).

See also *Hamill v. Koontz,* 134 W.Va. 439, 59 S.E.2d 879 (1950); *Ward v. County Court of Raleigh County,* 141 W.Va. 730, 93 S.E.2d 44 (1956); *State ex rel. Scott v. Taylor,* 152 W.Va. 151, 160 S.E.2d 146 (1968).

(1948). *See State ex rel. Morris v. West Virginia Racing Commission,* 133 W.Va. 179, 55 S.E.2d 263 (1949) and *State ex rel. Spiker v.*

Also pending before this Court is a motion for summary judgment filed by the Defendant William Clark, the jockey who allegedly cut in front of Plaintiff's horse, causing a fall. This motion is based upon the affirmative defense of assumption of risk. The doctrine of assumption of risk, although abolished in some jurisdictions, retains its viability in West Virginia. *Clements v. Stephens,* 211 S.E.2d 110, 114–15 (W.Va.1975). "Assumption of risk is available as a defense only where one places himself in a posture of known danger with an appreciation of such danger." *Clements, supra,* at 115, quoting *Syllabus* point 2., *Korzun v. Shahan,* 151 W.Va. 243, 151 S.E.2d 287 (1966). "Proof of plaintiff's knowledge and volition are essential preconditions to successful invocation of the assumption of risk defense." *Clements, supra.* Thoroughbred horse racing, by its own nature, is a sport posing great peril to its participants. Up to a dozen horses, each weighing 1000 to 1200 pounds break from a starting point and attempt to gain a preferred position on the rail as the first turn is approached. Astride these horses moving at full speed are persons weighing in the neighborhood of 100 pounds who jockey their mounts for position. In this dash for position, due to both jockey error and to the difficulties in controlling a Thoroughbred horse, contacts and collisions are commonplace, occasionally resulting in spills with resultant injuries. These dangers are inherent in the sport of Thoroughbred horse racing, and well known to a jockey who had been riding professionally for seven years. Plaintiff's deposition demonstrates his knowledge of the dangers of the sport. Accordingly, barring a specific intent to injure or cause an accident on the part of the other jockey, which is not alleged here, there can be no recovery for injuries caused as a result of "jockey error" or "careless riding" in a horse race. See *Hackbart v. Cincinnati Bengals, Inc.,* 435 F.Supp. 352

*West Virginia Racing Commission,* 135 W.Va. 512, 63 S.E.2d 831 (1951).

(D.Colo.1977). Although the issue of assumption of risk is typically reserved for the jury, it is the finding of this Court that there is no genuine issue as to any material fact and that the Defendant William Clark is entitled to judgment as a matter of law.

For the reasons stated above, it is hereby ORDERED that the motions for summary judgment of the Defendants William Clark and The West Virginia Racing Commission be granted and that this action be dismissed from the docket of this Court with prejudice.

The Clerk is directed to send certified copies of this Order to counsel of record.