**Fred O. NORRIS, Plaintiff,**

v.

**ACF INDUSTRIES, INCORPORATED, a corporation, Defendant.**

Civ. A. No. 83–3142.

United States District Court,
S.D. West Virginia,
at Huntington.

March 12, 1985.

On Motion to Reconsider April 23, 1985.

Charles M. Kincaid, Huntington, W. Va., George Howell, Ashland, Ky., for plaintiff.

John S. Haight, Charleston, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

STAKER, District Judge.

This action has been brought by the plaintiff to recover for injuries allegedly caused by the defendant's wilful, wanton, reckless, and malicious intent. *Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978). Plaintiff has moved to strike the defenses of contributory negligence, assumption of the risk, and injury by fellow servant asserted by the defendant in its answer. He contends that these defenses are inapplicable to a *Mandolidis* action as a matter of law. Defendant has conceded that the defense of comparative-contributory negligence is inapplicable. Because the issues involved herein are

purely questions of law the court will not relate the facts alleged in the complaint which give rise to this action.

Inasmuch as this court has jurisdiction over this action solely because of the diversity of citizenship of the parties, 28 U.S.C. § 1332(a)(1), we must apply the law of the state wherein we sit. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The West Virginia Supreme Court of Appeals held in *Mandolidis, supra,* that "an employer loses [its workmen's compensation] immunity from common law actions [under W.Va.Code § 23-4-2 (1981 Replacement Vol.) [1]] where such employer's conduct constitutes an intentional tort or wilful, wanton, and reckless misconduct." 246 S.E.2d at 914 (footnote omitted) (citations omitted). The portion of that statute relied upon by the Supreme Court of Appeals states that:

> If injury or death result to any employee from the deliberate intention of his employer to produce such injury or death, the employee, the widow, widower, child or dependent of the employee shall have the privilege to take under this chapter, and shall also have cause of action against the employer, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable under this chapter.

W.Va.Code § 23-4-2 (1981 Cum.Supp.). It has been interpreted as not creating a new cause of action but as preserving the common law cause of action against an employer as though the immunity therefrom for employers covered by the Workmen's Compensation Fund, W.Va.Code § 23-2-6 (1981 Replacement Vol.), did not exist. *Parsons v. Shoney's, Inc.,* 580 F.Supp. 129, 131 (S.D.W.Va.1983). The issue before this court is whether or not the common law defenses of assumption of the risk and injury by a fellow servant are also preserved. The West Virginia Supreme Court of Appeals has not decided these questions and, therefore, it is the task of this court to

---

1. Section 23-4-2 was substantially amended by the West Virginia Legislature in 1983 in response to the *Mandolidis* decision. W.Va.Code § 23-4-2 (1984 Cum.Supp.). However, because

plaintiff's cause of action accrued before the date of the amendment this action is not affected or governed by the amendment. W.Va.Code § 23-4-2(d) (1984 Cum.Supp.).

predict how that court would rule if these issues were presented to it.

 It is a general rule of law that an employee may not recover damages from his employer for an injury caused by the negligence of a fellow employee. 12B Michie's Jurisprudence *Master and Servant* § 65 (1978). However, if the injury is caused by concurrent acts of negligence by the employer and the fellow employee then the employer may be held liable. *Simpson v. Carter Coal Co.*, 79 W.Va. 365, 91 S.E. 1085 (1917); *Reilly v. Nicoll*, 72 W.Va. 189, 77 S.E. 897 (1913). In *Mandolidis, supra,* the West Virginia Supreme Court of Appeals allowed the employer's workmen's compensation statutory immunity to be overcome only upon a showing of "an intentional tort or wilful, wanton, and reckless misconduct" which the court explained was a higher form of misconduct than negligence. 161 W.Va. at 703–04, 246 S.E.2d at 913–14. This was because the court felt that an employer should not be able to conduct itself with impunity no matter how egregious its conduct. *Id.* at 913. This court believes that if the West Virginia Supreme Court of Appeals would not allow an employer to avoid liability under the "fellow servant" doctrine if it were guilty of simple negligence, *Simpson, supra; Reilly, supra,* it would certainly not allow that doctrine to serve as an escape for an employer who is directly guilty of "an intentional tort or wilful, wanton, and reckless misconduct." Therefore, we hold that the defense of injury by a fellow servant is inapplicable in a *Mandolidis* action.

The harder question is whether the defense of assumption of the risk has any place in this type of action. Can an employee assume the risk that his employer will inflict an injury on him with deliberate intention to do so, as that term is defined in *Mandolidis, supra* ?

The doctrine of assumed or incurred risk is based upon the existence of a factual situation in which the act of the defendant alone creates the danger and causes the injury and the plaintiff voluntarily exposes himself to the danger with full knowledge and appreciation of its existence. In 65A C.J.S. Negligence § 174(4), with reference to the doctrine of the assumption of risk, the text contains these statements. "In its simplest and primary sense, it means that plaintiff had consented to relieve defendant of an obligation of conduct toward him, and to take his chance of injury from a known risk. By entering freely and voluntarily into any relation or situation which presents obvious danger, plaintiff may be taken to accept it, and to agree that he will look out for himself, and relieve defendant of responsibility. The result is that defendant is simply under no legal duty to protect plaintiff. In other words, it is in the nature of a waiver and may be subject to rules relating to waiver." It has been said that the doctrine applies when a person brings about a condition or situation obviously dangerous to himself by voluntarily exposing himself to a hazard created by another. See *Matthews v. Cumberland and Allegheny Gas Company*, 138 W.Va. 639, 77 S.E.2d 180; *Hunn v. Windsor Hotel Company*, 119 W.Va. 215, 193 S.E. 57; 13 M.J., Negligence, Section 43. *Hollen v. Linger*, 151 W.Va. 255, 151 S.E.2d 330, 335 (1966); *accord, Davis v. Fire Creek Fuel Co.*, 144 W.Va. 537, 109 S.E.2d 144, 151–52 (1959). It "is available as a defense only where one places himself in a posture of known danger with an appreciation of such danger.... It involves the taking of a risk without regard to the care taken after he is in danger." *Korzun v. Shahan*, 151 W.Va. 243, 151 S.E.2d 287, 292 (1966) (citation omitted).

The doctrine is one of the main defenses relied upon by an employer when sued at common law by an employee for injuries suffered in the course of his employment. The rule in West Virginia is that:

"When an employee is not placed by his employer in a position of undisclosed danger, but is a mature man, doing the ordinary work which he has been engaged to do and the risks of which are obvious to any one, he assumes the risk of the employment, and no negligence

can be imputed to the employer for an accident to him therefrom. In the relation between master and servant, the prinicple of waiver has wide scope and operation. In the abstract, the master is under an absolute duty to furnish the servant a reasonably safe place in which to work and reasonably safe appliances with which to work, but the servant, having knowledge of the failure in these respects, is deemed to have waived performance or rather to have assented to the conditions the master has made.

*Davis*, 144 W.Va. at 546, 109 S.E.2d at 151. Based upon these decisions, it might appear that assumption of the risk is a valid defense in the case at bar since the common law governs. *Parsons, supra.*

■ However, assumption of the risk is not avaliable as a defense when the defendant is charged with wilful and wanton misconduct. *Stone v. Rudolph,* 127 W.Va. 335, 32 S.E.2d 742, syl. pt. 6 (1945). *Stone's* definition of wilful, wanton, and reckless misconduct was heavily relied upon by the Supreme Court of Appeals in *Mandolidis* in defining what the phrase "deliberate intent to produce such injury or death" in § 23–4–2 meant. 161 W.Va. at 703–04, 246 S.E.2d at 913–14. In fact, a showing of wilful, wanton, or reckless misconduct on the part of the employer is one of the two ways of establishing deliberate intent. 161 W.Va. at 705, 246 S.E.2d at 914. Because *Stone* was so vital to the decision in *Mandolidis,* this court believes that the West Virginia Supreme Court of Appeals would also adopt its rule denying the applicability of the assumption of the risk defense for *Mandolidis* actions. *Cf., Santiago v. Clark,* 444 F.Supp. 1077, 1079 (N.D.W.Va.1978) (assumption of risk would not be a defense where there is specific intent to injure or cause an accident).

■ The only argument that this court can see in favor of allowing the defense of assumption of the risk in a *Mandolidis*

action is by analogy from *Peneschi v. National Steel Corp.,* 295 S.E.2d 1 (W.Va. 1982). In *Peneschi,* the Supreme Court of Appeals, relying upon Restatement (Second) of Torts § 526 (1976), held that an employee employed to work in an abnormally dangerous activity assumes the risk of being injured while engaged in that activity. 295 S.E.2d at 12. The argument could be made that because the court followed the Restatement in allowing the assumption of the risk defense in *Peneschi* it would also follow the Restatement in regard to the applicability of that defense in a *Mandolidis* action because of the court's reliance on § 500 of the Restatement (Second) of Torts "Reckless Disregard of Safety" (1965), which sanctions the application of that defense,[2] in reaching its decision in *Mandolidis.* First of all, it should be noted that the Supreme Court of Appeals mainly relied on its own prior decisions in reaching its decision in *Mandolidis, supra.* Section 500 was used as authority to support its case law. The principal argument against invoking § 503(4)'s assumption of the risk of reckless misconduct is that the Restatement itself states that the defense is inapplicable to the employer/employee relationship because of the disparity in the economic and bargaining powers of the parties. Restatement (Second) of Torts § 496B, Comment *f* and § 496C, Comment *j* (1965). This court believes the West Virginia court, if faced with this argument, would adopt the Restatement's employer/employee exception. We base our prediction on that court's statements in *Mandolidis* with regard to not allowing a person to escape liability for actions likely to result in injury. 161 W.Va. at 704, 246 S.E.2d at 913. Further support for our position is found in the Supreme Court of Appeals' discussion of the facts of the lead case in *Mandolidis* wherein the plaintiff was clearly aware of the danger to him created by his employer's conduct and yet proceeded to encounter the risk. *Id.* at 915; *accord, Cline v.*

---

**2.** Section 503, Restatement (Second) of Torts (1965), "Plaintiff's Conduct", states: "(4) A plaintiff who assumes the risk arising from the defendant's reckless disregard of his safety is

barred from recovery for such harm." The Reporter's Comment *d* on this subsection refers to § 496A for determining assumption of the risk. *Id.*

*Joy Mfg. Co.*, 310 S.E.2d 835, 840 n. 8 (W.Va.1983). Although this appears to be a perfect example of assumption of the risk, *Hollen v. Linger, supra; Davis v. Fire Creek Fuel Co., supra;* Restatement (Second) of Torts § 496A–496E (1965), the court did not even mention the possible application of that defense. *Mandolidis,* 161 W.Va. at 705–09, 246 S.E.2d at 914–16; *accord, Cline,* 310 S.E.2d at 840 n. 8. Therefore, this court declines to adopt this line of argument. As a result, we hold that the defense of assumption of the risk is inapplicable, as a matter of law, in an action brought pursuant to *Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 246 S.E.2d 907 (1978).

For the reasons stated above in this memorandum opinion, it is hereby ORDERED that plaintiff's motions to strike the defenses of contributory negligence, assumption of the risk, and injury by fellow servant be, and the same hereby are, SUSTAINED and GRANTED.

## ON MOTION TO RECONSIDER

Defendant has asked the court to reconsider our decision striking the doctrine of assumption of the risk as a defense in this *Mandolidis* action. It bases this motion on the Fourth Circuit Court of Appeals' recent decision in *Haverty v. Norris Industries, Inc.,* 758 F.2d 647 (1985), in which that court upheld the district court's instruction to the jury that the plaintiff would be barred from recovery if he, as well as the defendant, were guilty of wanton, wilful, and reckless misconduct which proximately caused his injuries. Defendant argues that, since both the doctrines of assumption of the risk and wanton, wilful, and reckless misconduct have as an essential element knowledge of the risk of injury and since the Fourth Circuit has held that wanton, wilful, and reckless misconduct is chargeable against a plaintiff, this court should reverse our prior decision and allow assumption of the risk to likewise be chargeable against a plaintiff. Alternatively, defendant asks the court to hold that if a plaintiff encounters a danger fully appreci-

ating the risk of injury to himself created thereby, this would be reckless misconduct. Thus, assumption of the risk would be a form of wanton, wilful, and reckless misconduct and evidence thereof would be admissable at trial and chargeable against the plaintiff under the latter doctrine.

■ Assumption of the risk arises as a defense to a negligence action when "the act of the defendant alone creates the danger and causes the injury and the plaintiff voluntarily exposes himself to the danger with full knowledge and appreciation of its existence." *Hollen v. Linger,* 151 W.Va. 255, 151 S.E.2d 330, 335 (1966); *accord, Powell v. United States Steel Corp.,* 305 F.Supp. 645, 649 (S.D.W.Va.1969). The nature and extent of the risk must be fully appreciated and then the plaintiff must voluntarily expose himself to the risk or danger. *Cross v. Noland,* 156 W.Va. 1, 190 S.E.2d 18, 22 (1972). What must be remembered is that the risk or danger of injury is brought about by the actions of the defendant. Plaintiff's fault lies in exposing himself to the danger. By this action, the plaintiff relieves the defendant of any responsibility for his wrongful conduct. *Hollen v. Linger, supra.*

■ Wilful, wanton and reckless conduct arises when a person "conscious of his conduct, and conscious, from his knowledge of existing conditions, that injury [will] likely or probably result from his conduct, and ... with reckless indifference to [the] consequences ... consciously and intentionally [does] some wrongful act or [omits] some known duty which [produces] the injurious result." *Stone v. Rudolph,* 127 W.Va. 335, 32 S.E.2d 742, 749–50 (1945) ((citation omitted). The person who engages in such misconduct can not be relieved of responsibility therefor by the *contributory negligence* of or the assumption of the risk by the aggrieved party. *Id.,* 127 W.Va. at 347, 32 S.E.2d at 749.

■ The court believes that these two doctrines are substantially different: assumption of the risk involves knowledge of a risk of injury to *oneself* created by the

wrongful conduct of another while wilful, wanton and reckless misconduct involves knowledge of risk of injury to *another* created by one's own conduct. *See, Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 246 S.E.2d 907, 914 (1978). The court holds, therefore, that, in a *Mandolidis* action, encountering a danger created by the misconduct of another with knowledge of a risk of injury to oneself created thereby is not wilful, wanton and reckless misconduct as defendant contends in its alternative argument in support of its motion.

Nor is the court convinced that the decision in *Haverty, supra,* requires us to reverse our prior decision striking the defense of assumption of the risk. In *Haverty,* the plaintiff consciously engaged in misuse of the machine involved with knowledge of the risk of injury *to himself* created thereby. It was his own conduct which was wilful, wanton and reckless because he did a wrongful act with reckless indifference to the consequences to himself. This court's previous holding was that a plaintiff does not assume the risk of *his employer's* wilful, wanton and reckless misconduct as those terms are applied in a *Mandolidis* action. We are not persuaded that that decision was erroneous. Therefore, defendant's motion for reconsideration is denied.

The defendant has also moved for permission to amend its answer to include the defense of plaintiff's wilful, wanton and reckless misconduct should its motion for reconsideration be denied. Fed.R.Civ.P. 15(a). The decision in *Haverty v. Norris Industries, Inc., supra,* announced a new defense to a *Mandolidis* action and this court believes that justice requires that defendant be allowed the opportunity to plead and to prove this defense. The motion to amend the answer, therefore, will be granted.

For the reasons stated above in this memorandum opinion, it is hereby ORDERED that defendant's motion for reconsideration be, and the same hereby is, OVERRULED and DENIED. It is hereby

ORDERED that defendant's motion for leave to file an amended answer be, and the same hereby is, SUSTAINED and GRANTED. Defendant shall, within seven days of the date of entry of this order, file with this court and serve upon the plaintiff its amended answer.