865 F.2d 1259
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary N. STULL; Candice Stull, Plaintiffs-Appellants,
v.
GRACO, INC.; Charles Town Races, Inc.; E.E. Mills; E.E.
Mills and Son; William Denton Mills, Defendants-Appellees.
 No. 88-2852.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 9, 1988.
Decided: Dec. 27, 1988.
 
 William T. Wood (Law Offices of William T. Wood, on brief), for appellants.
 Alvin Lee Emch (George R. Farmer, Jr., Robert L. Stewart, Jr., Jackson & Kelly; Walter M. Jones, III, James J. Matzureff, Martin & Seibert; William Richard McCune, Jr., Dale Buck, on brief), for appellees.
 Before JAMES DICKSON PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gary Stull appeals from dismissal by summary judgment of his product liability claims brought in diversity against several defendants. Stull was injured when a high pressure paint spray gun he was cleaning injected cleaning solution into the middle finger of his left hand. Just before the injury occurred he had been running the solution through the gun and attached spray pump to clean them at the end of a day's work; at the moment of the injury he was cleaning the outside of the gun and somehow the trigger engaged. Stull had been employed as an independent contractor by appellee Charles Town Races, Inc. to help paint their racetrack; his principal job was to paint the ceiling of the grandstand. The main painting work was done by appellee E.E. Mills & Son, who supplied the spray gun and pump used by Stull. Appellee Graco, Inc. was the manufacturer of the spray pump. Concluding that summary judgment was properly entered in favor of all defendants on the basis that Stull had assumed the risk of the injury, we affirm.
 
 
 2
 Stull was an experienced operator of high pressure paint spraying equipment and was hired on this basis. He knew that the spray gun he was using had a nozzle guard that had been sawed off, that the purpose of the guard was to keep a user's hand from proximity to the gun's discharge opening, and that serious injury could result if his hand came in front of the tip and the trigger engaged while the pump was operating. Stull knew the risk in using the spray gun and pump and by the date of his injury had voluntarily continued to use and clean this equipment for more than one week.
 
 
 3
 Under these facts the district court was correct to hold that Stull assumed the risk.* Under West Virginia law the defense of assumption of risk is available when "the risk assumed could be easily avoided by alternative conduct on the part of the employee." Pack v. Van Meter, 354 S.E.2d 581, 588 (W.Va.1986). It is indisputable on the summary judgment record that Stull easily could have avoided the risk here by turning the spray pump off. It is further indisputable that in cleaning the outside of the gun while the pump was still operating, Stull knew, appreciated, and voluntarily exposed himself to the danger. See Ventura v. Winegardner, 357 S.E.2d 764, 767 (W.Va.1987). The district court therefore could properly conclude that Stull's decision to " 'encounter the risk was, under the circumstances, made with willful, wanton, or reckless disregard for his own safety.' " Pack, 354 S.E.2d at 588 (quoting Martin v. George Hyman Construction Co., 395 A.2d 63, 74 (D.C.1978)). The court therefore properly held that as a matter of law Stull's assumption of the risk barred recovery against all appellees. Norris v. ACF Industries, Inc., 609 F.Supp. 549, 551 (S.D.W.Va.1985).
 
 
 4
 AFFIRMED.
 
 
 
 *
 Stull asserts that West Virginia's recent judicial adoption of comparative negligence and rejection of contributory negligence as an absolute defense in negligence actions, see Bradley v. Appalachian Power Co., 256 S.E.2d 879 (W.Va.1979), draws in serious question the continued viability of assumption of risk as an absolute defense in cases such as the instant one. Pointing to dicta in several recent West Virginia decisions which indicate that the state's highest court presently considers the question an open one, see Ventura v. Winegardner, 357 S.E.2d 764, 767 n. 3 (W.Va.1987); Pack v. Van Meter, 354 S.E.2d 581, 587 n. 11 (W.Va.1986), Stull suggests certification of the question to the West Virginia Supreme Court. Notwithstanding these dicta, we believe that the most recent authoritative pronouncements by that court indicate that at least in situations such as Stull's, assumption of the risk remains a viable defense. See id. at 588. The district judge, to whose familiarity with West Virginia law we owe some deference, so interpreted the present state of West Virginia law. Under those circumstances, we consider certification not warranted