STATE OF WEST VIRGINIA BY DEPARTMENT OF
NATURAL RESOURCES

*v.*

BENNETT COOPER, *et al.*

(CC 873)

*and*

STATE OF WEST VIRGINIA BY DEPARTMENT OF
NATURAL RESOURCES

*v.*

WILLIAM D. HEITZ, *et al.*

(CC 874)

Submitted February 27, 1968.        Decided July 23, 1968.

*W. Del Roy Harner, J. Pat Nichols,* for petitioner.

*H. Laban White,* for defendants.

CAPLAN, JUDGE:

The State of West Virginia by The Department of Natural Resources, desiring to establish and develop a state park for the use and benefit of the public, on certain lands in Canaan Valley, Dry Fork District, Tucker County, West Virginia, instituted two civil actions in eminent domain for the purpose of acquiring the fee simple title to such lands. In civil action No. 354 the petitioner sought to acquire a tract of land consisting of 68 acres and named as the owners thereof Bennett Cooper, Mabel Cooper, R. Dean Heironimus and Helen K. Heironimus. The second civil action, No. 355, was instituted against William D. Heitz, Olive C. Heitz, R. Dean Heironimus and Helen K. Heironimus, as the owners of the 15 acre tract sought to be acquired by the petitioner.

The aforementioned actions were instituted on December 5, 1966, after due notice was served upon the defendants informing them, among other things, that further proceedings would be held on January 4, 1967. On the latter date the case was continued to February 15, 1967.

Defendants R. Dean Heironimus and Helen K. Heironimus, his wife, on February 13, 1967 appeared specially and moved the court that they be dismissed as party defendants, that the oil and gas minerals owned by them be dismissed from those proceedings and that the order giving the petitioner immediate right of entry be annulled, rescinded and set aside. In their motion these defendants allege that they are the owners of the oil and gas under the 85 acres involved in the two condemnation proceedings, the surface of which is owned by Bennett Cooper, Mabel Cooper, William D. Heitz and Olive C. Heitz as indicated above. A tract of two acres, more or less, subject to an easement for state road purposes, lies between the 15 and 68 acre tracts and is owned by these defendants.

It is asserted by the defendants Heironimus that inasmuch as the ownership and title to the oil and gas are

separate and distinct from the ownership and title to the surface tracts, the oil and gas are improperly joined in this action. These defendants further allege in their motion to dismiss that their ownership of the minerals under the separate tracts will require them to defend a multiplicity of suits. As a final ground for dismissal, the defendants allege that they will be deprived of their statutory rights and constitutional guarantees in that the value of the oil and gas will not be determined by a jury.

At the request of the defendants, joined by the petitioner, it was ordered by the court that the motions to dismiss would be heard and considered jointly for the reason that the facts, issues and parties involved are identical in the two suits. Upon full consideration of the pleadings, including exhibits, briefs filed by counsel on behalf of the respective parties, and, after argument by counsel, the court overruled the motions to dismiss. The petitioner then moved the court to set June 7, 1967 as the date upon which to choose commissioners in the two cases. Prior to the court's ruling on that motion, the defendants Heironimus requested the court to certify to this Court certain questions regarding the propriety of the trial court's action in overruling the motions to dismiss on the grounds of misjoinder. The court, upon its own motion, certified the following questions to this court:

"1. Under the provisions of West Virginia Code, Chapter 54, Article 2, Section 2, does the petitioner in each of these cases certified have the right to proceed for and to obtain a fee simple title to land when the surface is owned by one party and the oil and gas are owned by another party, and to join each of such owners in one suit when the entire interest in the oil and gas extends beyond the outside boundary of the surface tract to an area which is also sought to be taken in fee in a separate condemnation suit, the surface of such second tract being owned by a third party, and when the surface between the two surface tracts sought to be taken is separated by an easement for road purposes held by the State Road Commission?

"2. Under the provisions of the Code of West Virginia, Chapter 54, Article 2, Section 2, does the

word 'ownership' include the ownership of both the surface and the oil and gas rights?

"3. Under the provisions of Code of West Virginia, Chapter 54, Article 2, Section 2 does the word 'parcel' include a piece of real estate in its entirety, extending from the heavens to the center of the earth?

"4. In the event that the answers to questions numbers 1, 2 and 3 above are in the affirmative, are the rights of the defendants Heironimus, protected by the provisions of the West Virginia Code, Chapter 54, Article 2, Section 18?"

It is noted from the exhibits filed in these proceedings that R. D. Heironimus, the father of defendant R. Dean Heironimus, by deed dated April 23, 1931, acquired a fee simple title to 85 acres of land in Dry Fork District, Tucker County, West Virginia. The following out-conveyances were made from that tract: By deed dated March 18, 1946, R. D. Heironimus and his wife conveyed to Howard F. Cooper and Harry F. Moore a tract of 68 acres. The deed contained a reservation of all oil and gas. Bennett Cooper is the successor in title to Cooper and Moore. Subsequently, on August 6, 1960, R. D. Heironimus and his wife conveyed 15 acres to William D. Heitz. This deed also contained a reservation of the oil and gas. The two acre tract which is owned by defendants Heironimus and is subject to an easement for state road purposes makes up the balance of the original 85 acre tract.

Although the defendants Heironimus, in support of their motion for dismissal on the grounds of misjoinder, set out various points, their principal contention, and the one which we must here consider and decide, is that the petitioner should be required to proceed against them as the owners of the oil and gas in a separate action in eminent domain.

While the power of eminent domain is alluded to in Article III, Section 9 of the Constitution of West Virginia, such section is not the source of that power. The right of the state to take or damage property for public use is an inherent attribute of sovereignty and is not dependent upon constitutional or statutory provisions. *State* v. *Boggess*,

147 W. Va. 98, 126 S. E. 2d 26; *The Board of Education of Kanawha County* v. *Campbells Creek Railroad Company*, 138 W. Va. 473, 76 S. E. 2d 271. The above constitutional provision and the statutes enacted by the legislature in implementation thereof are restrictions on the exercise of that power. *State of West Virginia by the State Road Commission* v. *Professional Realty Company*, 144 W. Va. 652, 110 S. E. 2d 616; *State of West Virginia, etc.* v. *Sanders*, 128 W. Va. 321, 36 S. E. 2d 397. Therefore, to determine the propriety of proceedings in eminent domain we must look to the constitution and statutes pertinent thereto.

By reason of the language in Section 9 of Article III of our constitution private property cannot be taken or damaged for public use without just compensation. The amount of compensation to be paid to the owner shall be ascertained in such manner as may be prescribed by law. Further, this section of the constitution provides that when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders. It is impermissible, therefore, for the state to take or damage private property unless just compensation is paid to the owner. Also, it is incumbent upon the state, or any entity possessing the power of eminent domain, to have the amount of compensation payable to be ascertained in the manner prescribed by law. Procedures, as prescribed by statute, must be followed in the institution and processing of an action in eminent domain.

Prescribing the procedure to be followed in an action in eminent domain, Code, 1931, 54-2-2, as amended, provides: "The pleadings shall be in writing and shall be verified. The petition shall describe with reasonable certainty the property proposed to be taken, and may embrace one or more parcels of land where the ownership is the same. * * *" The above statutory language makes it evident that a petition in eminent domain can include more than one parcel of land only where the ownership of such parcels is the same. Conversely, if the tracts or parcels of land are owned by different persons, they must be subjects of separate proceedings.

Here we are concerned with two parcels of land, the third being the two-acre tract which is not sought by the petitioner. These two parcels were created by R. D. Heironimus, the father of defendant R. Dean Heironimus, when he conveyed from the original 85 acres, a tract of 68 acres and a tract of 15 acres and reserved in each conveyance all of the oil and gas. R. D. Heironimus thereby created three separate tracts of oil and gas, a 68 acre tract, a 15 acre tract and the oil and gas under the two acres.

As required by Code, 1931, 54-2-2, as amended, the petitioner proceeded against the owners of the 68 acre tract in one action and in a separate action against the owners of the 15 acre parcel of land. It listed as the owners of the former parcel the Coopers and the defendants Heironimus and as the owners of the latter the Heitzes and the Heironimuses. R. Dean Heironimus and his wife are the owners of the oil and gas underlying each tract of land and, as such, have a separate interest or estate in each of the two parcels. That such separate estate may exist within a parcel of land is aptly stated in 13 M. J., Mines and Minerals, Section 5, as follows: "Separate and distinct estates may be created in the coal and minerals owned by different persons by separate and distinct titles. One may own the surface, another the coal and another some other mineral, *all within the same parcel of land.*" (Emphasis supplied.)

Applying this quote, to which we subscribe, to the instant case, we are of the opinion that the oil and gas underlying the subject tracts are a part of such tracts or parcels of land. Consequently, the defendants Heironimus, being the owners of the oil and gas, are owners of a part of each of the two parcels sought to be acquired by the petitioner. It was necessary therefore that they be made parties in each of the proceedings. This the petitioner did, including service upon them of the required notice. Code, 1931, 54-2-3, as amended.

The procedure set out in Code, 1931, 54-2, provides for the taking of a parcel of land and all of the interests therein. No provision is made in said chapter and article for the taking, in a separate proceeding, of an interest such as the

defendants Heironimus own. The words "parcels of land," contained in Code, 1931, 54-2-2, as amended, include the surface, timber and underlying minerals, or, as sometimes expressed, a parcel of land includes all interests and estates therein from the center of the earth to the heavens. Inasmuch as the defendants Heironimus owned an interest in the parcels of land sought to be acquired, they were properly made parties in each of the proceedings.

The petitioner, as a condemnor, is entitled to an assessment of all damages arising by virtue of the taking in a single proceeding and all persons who own an interest in the parcel of land to be taken are necessary parties. See 29A C. J. S., Eminent Domain, Section 236. This proposition is supported by the court's opinion in *South Carolina State Highway Department* v. *Hammond*, 238 S. C. 317, 120 S. E. 2d 21, as follows: "This is but an application of the settled policy of the law to bring before the court in one proceeding all parties who have a lawful interest in the subject matter of the action so as to avoid a multiplicity of suits. * * * The court is not required in a condemnation proceeding to allow a separate trial to each owner of an estate or interest in the land condemned."

In *United States* v. *70.39 Acres of Land,* 164 F. Supp. 451, the court said: "Where there are different estates in the property, the proper course is to ascertain compensation as though the property belonged to one person, and then apportion this sum among the different parties according to their respective rights, * * *." See 2 Lewis on Eminent Domain, Third Edition, Section 716 and 4 Nichols on Eminent Domain, Revised Third Edition, Section 12.36, Diversity of interests. "So, where the mineral interest and the surface interest are owned by different persons, the mineral interest may be valued separately, but it must be valued as a segregated part of real property and not as a natural warehouse

for minerals as personal property." 29A C. J. S., Eminent Domain, Section 174.

In view of the foregoing principles and the authorities cited and quoted in support thereof, the first three questions certified to this Court are answered in the affirmative. This brings us to question number four which asks if the rights of the defendants Heironimus are protected by the provisions of Code, 1931, 54-2-18, as amended. Section 18 provides that payment of an award or judgment in a condemnation proceeding may be made to the court. It is therein then stated: "Upon money being paid into court, pursuant to the provisions of this chapter, and the court or judge being satisfied that the persons entitled thereto are before the court or judge, it or he shall make such distribution or disposition of such money as is proper, having due regard to the interest of all persons therein, and in what proportions such money is properly payable." This section further provides that in the event money is paid into court, the court may hold a hearing and enter an order distributing such funds as the interest may appear. We are of the opinion, therefore, that the interests of these defendants are adequately protected and that question number four likewise must be answered in the affirmative.

For the reasons stated herein, the judgment of the Circuit Court of Tucker County is affirmed.

*Affirmed.*