**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**May 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Recycling Works, LLC,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-1080** (Morgan County 2018-C-43)

**Bradmor, LLC,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Recycling Works, LLC ("Recycling Works"), by counsel Dawn White, appeals the order of the Circuit Court of Morgan County, entered on October 28, 2019, awarding liability damages in the amount of $5,908.46, and attorney's fees in the amount of $8,995.00. Respondent Bradmor, LLC ("Bradmor") appears by counsel Michael D. Dunham.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Recycling Works leased commercial space from Bradmor in Berkeley Springs for its business, a secondhand bookstore. In December of 2017, a pipe in a unit above the leased space failed and damaged Recycling Works' inventory. The business was closed for several days. The incident repeated the following month, resulting in additional damage. Bradmor hired a remediation contractor, and Recycling Works claims that the contractor caused additional damage.

Bradmor alerted its insurance carrier about the damage its tenant incurred. Nearly six months after the first pipe burst, Recycling Works informed Bradmor by letter, "We have again been approached by your insurance company asking us to submit details of our claims. It is not our intention to have any direct dealings with [your insurance company]." Recycling Works informed Bradmor that it had suffered damages "of around $6,300, to which must be added attorney's fees to date of about $3,000." Thereafter, Bradmor's insurer sent at least five letters to Recycling Works between June of 2018 and October of 2018, each requesting a detailed estimate of damages and proof of loss.

1

There is no evidence in the appendix record on appeal that Recycling Works responded to these requests. By letter dated November 13, 2018, Recycling Works, by counsel, made a demand of $12,000, "most of which is to cover . . . legal fees." In response, Bradmor's insurer sent Recycling Works' attorney a letter stating, "As you are aware, [Bradmor's insurer] is in the midst of negotiations with [Recycling Works' insurer] regarding its [p]roperty [d]amage claim which was paid by its carrier." Nevertheless, Recycling Works filed a complaint in the Circuit Court of Morgan County in December of 2018.

In early February of 2019, Recycling Works' counsel provided an informal "breakdown" of the damage claim to Bradmor's counsel: $5,908.46. Recycling Works' counsel acknowledged that Bradmor's counsel had "expressed frustration with [Recycling Works' counsel's] inability to [previously provide Recycling Works'] exact damage claim" but Recycling Works' counsel informed Bradmor's counsel that her legal fees at that point amounted to $12,400.00. Recycling Works made a "non-negotiable" demand for $18,308.46. Counsel for the parties met, and Recycling Works' counsel showed Bradmor's counsel notes of handwritten time records but did not give counsel copies of the records or other documentation. The client had not been invoiced. At the suggestion of Bradmor's counsel, the parties resolved the damages claim for $5,908.46, but left the question of attorney's fees for the circuit court.[1]

Recycling Works petitioned the circuit court for attorney's fees in the amount of $23,126.89, and the circuit court conducted a hearing. The circuit court entered its order awarding attorney's fees in the total amount of $8,995.00 ($175.00 per hour) on October 28, 2019. In doing so, the circuit court found that the parties' lease provided for "reasonable" attorney's fees. However, Recycling Works had no written fee arrangement with its attorney, and it offered no testimony to the court to establish its attorney's typical hourly rate. The court noted that Recycling Works did not provide documentation supporting its claim for attorney's fees to Bradmor until directed to do so by the court. The circuit court questioned the reasonableness of the requested attorney's fees in light of Bradmor's agreement to pay damages immediately upon receipt of the accounting it had requested, and found that it was unreasonable for Recycling Works to request attorney's fees for discovery occurring after Bradmor agreed to settle. The court denied a $2,500.00 "initial fee agreement" cost that Recycling Works sought on the ground that Recycling Works presented no documentation to support the work its counsel allegedly performed for that fee. However, the award of attorney's fees included fees for four hours that Recycling Works' counsel spent preparing for the hearing on attorney's fees.

Recycling Works appeals the order awarding attorney's fees and assigns error on six grounds. It argues that the circuit court: 1) abused its discretion by making an "erroneous assessment of the evidence of the applicable law;" 2) erroneously excluded evidence of prevailing legal fees; 3) erroneously excluded the "initial fee agreement" from the award; 4) arbitrarily denied attorney's fees for time that counsel spent seeking reassignment of the case; 5) made a punitive award; and 6) failed to make adequate findings of fact and conclusions of law. In reviewing these assignments of error, we are mindful that

---

[1] In its brief, Recycling Works acknowledges that Bradmor agreed to pay damages prior to the filing of the complaint.

"""[T]he trial [court] . . . is vested with a wide discretion in determining the amount of . . . court costs and counsel fees, and the trial [court's] . . . determination of such matters will not be disturbed upon appeal to this Court unless it clearly appears that [it] has abused [its] discretion." Syllabus point 3, [in part,] *Bond v. Bond*, 144 W.Va. 478, 109 S.E.2d 16 (1959). Syl. Pt. 2, [in part,] *Cummings v. Cummings,* 170 W.Va. 712, 296 S.E.2d 542 (1982) [(per curiam)]. Syllabus point 4, in part, *Ball v. Wills*, 190 W.Va. 517, 438 S.E.2d 860 (1993). Syl. pt. [2], *Daily Gazette Co., Inc. v. West Virginia Dev. Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999). Syllabus point 1, *Hollen v. Hathaway Electric, Inc*., 213 W.Va. 667, 584 S.E.2d 523 (2003) (per curiam).' Syl. Pt. 3, *Shafer v. Kings Tire Serv., Inc*., 215 W.Va. 169, 597 S.E.2d 302 (2004)." Syl. Pt. 3, *Carper v. Watson*, 226 W.Va. 50, 697 S.E.2d 86 (2010).

Syl. Pt. 1, *W. Virginia Dep't of Transp., Div. of Highways v. Newton*, 238 W. Va. 615, 797 S.E.2d 592 (2017).

The circuit court was required to consider the request for attorney's fees according to our prior directives:

Where attorney's fees are sought against a third party, the test of what should be considered a reasonable fee is determined not solely by the fee arrangement between the attorney and his client. The reasonableness of attorney's fees is generally based on broader factors such as: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Syl. Pt. 4, *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W. Va. 190, 342 S.E.2d 156 (1986). We find that the circuit court's analysis sufficiently incorporated these considerations, and we therefore conclude that Recycling Works' six assignments of error lack merit.

Recycling Works supports its first assignment of error—that the circuit court erroneously assessed the evidence and misapplied the law—with the argument that the circuit court failed to address its counsel's "efforts to break the impasse and limit the ever increasing expenditure of attorney time." We disagree. The circuit court's order gets to the heart of the matter and explains that "[t]he parties were quickly able to reach an agreement regarding [damages] following the submission of documentation in support of the claim. . . ." The circuit court's finding refers to documentation requested by Bradmor's insurer months prior to the filing of the complaint. There is no evidence that the parties had any dispute about liability or damages, but only an apparent difference of opinion about the need for supporting documentation. In this regard, we find the first *Pitrolo* factor extremely important. The resolution of this matter was readily accessible through

the production of the requested cost assessment, which was not forthcoming from Recycling Works. Rather than provide the documentation, Recycling Works' counsel continued to demand attorney's fees disproportionate to the required time and skill, and then use the continuing demand as the basis for a further increasing demand. Recycling Works compounded this problem when it failed to provide documentation in support of the requested attorney's fees. Thus, the circuit court did not err in its analysis of the evidence or the applicable law.

In its second assignment of error, Recycling Works argues that the circuit court "prevented" introduction of prevailing fees and denied attorney's fees for time counsel spent trying to determine the prevailing rate. The basis for this assignment is that the circuit court denied Recycling Works' discovery requests—after the parties reached agreement on the damages claim—for documentation showing the hourly rates of Bradmor's attorneys. We agree with the circuit court that Bradmor's attorneys' rates were irrelevant and unnecessary to the circuit court's determination of appropriate fees. Any evidence of defense counsels' rate does not establish the fifth *Pitrolo* factor of the "customary fee arrangement" for a plaintiff's attorney entering an agreement like the one Recycling Works had with its counsel, particularly where Recycling Works offered no evidence concerning its own attorney's professional fee arrangements.

Recycling Works explains, in its third assignment of error, that the circuit court erred in excluding a $2,500.00 "initial transaction fee" from the attorney's fees award because the court did not "request an explanation of the nature of a transaction fee." But Recycling Works acknowledges that its counsel "had not kept time sheets" in the early months of representation. Recycling Works was free to offer an accounting of this fee without prompting of the circuit court, but it did not do so. The circuit court did not err in excluding this amount which had no documented connection to work performed.

In its fourth assignment of error, Recycling Works avers that it was wrongly denied attorney's fees for time it spent seeking recusal of the circuit court judge assigned to this case, on the basis of great animosity between its counsel and the sitting judge. Recycling Works offers no evidence, but only unsupported allegation, and we find no error.

Recycling Works argues, in its fifth assignment of error, that the attorney's fee award was so disproportionate to its attorney's skill and experience that the award was rendered punitive in nature. Recycling Works argues that its attorney "cannot recall a time when she charge[d] an hourly rate as low as $175." We echo our analysis of the first assignment of error and reiterate that Recycling Works engaged its counsel without entering a contractual fee arrangement. And while Recycling Works claims indignation at the $175 rate, it has offered no evidence of rates charged by its attorney for other work. Recycling Works offers a recitation of its counsel's work history but no evidence beyond this recitation to value its attorney's time. We find the award of $8,995.00 sufficient and fair in light of the time and skill necessary to reach the desired result, as detailed above.

Finally, Recycling Works challenges the adequacy of the circuit court's findings of fact and conclusions of law. We wholly disagree and find that the circuit court set forth a clear and detailed explanation of its analysis, particularly with regard to the stonewalled requests for

documentation on the questions of both damages and attorney's fees, which the circuit court characterized as "troubling." The circuit court did not err in its analysis.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton